UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Theodore J. Bolick, ) | Civil Action No.: 5:21-cv-03800-RBH-KDW |
|     Plaintiff, ) | |
| v. ) | **ORDER** |
| Bryan Stirling, Terrie Wallace, Lieutenant Sumter, Lieutenant Wright, Lieutenant Robb, Gregory Forness, and Kirkland Medical Staff, ) | |
|     Defendants. ) | |

This matter is before the Court on Plaintiff Theodore J. Bolick's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends denying Plaintiff's motion for a preliminary injunction and motion for sanctions. *See* ECF Nos. 65 & 71.

**Standard of Review**[1]

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (cleaned up)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court need only review for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging four constitutional claims: **(1)** denial of out-of-cell exercise/recreation, **(2)** denial of medical care, **(3)** placement in an overcrowded cell, and **(4)** illegal incarceration.[2] ECF No. 1. The **first three** claims involve his conditions of confinement in the South Carolina Department of Corrections ("SCDC"), while the **fourth claim** relates to his imprisonment for state burglary convictions. *Id.* at pp. 7–26.

Regarding his **fourth claim**, Plaintiff alleges he was tried and convicted *in absentia* in July 2019 in the Horry County Circuit Court on three counts of second-degree burglary, sentenced to twelve years' imprisonment in September 2020, and sent to an SCDC facility. *Id.* at pp. 12–13. Plaintiff claims a circuit judge granted his motions for a mistrial and new trial in April 2021, vacated his sentences, and ordered that he be released from SCDC custody and transported to jail, but the judge subsequently

---

[2]     Plaintiff identifies the four claims in his verified complaint: "1) denial of out of cell exercise; 2) denial of medical care; 3) overcrowded cell forced to sleep on floor and no out of cell exercise; and 4) Illegal incarceration." ECF No. 1 at p. 26. He sues the SCDC director, a warden, and various SCDC staff. *Id.* at pp. 3–5.

2

granted the State's motion for reconsideration in June 2021.[3]  *Id.* at pp. 13–15.  Plaintiff alleges that the judge lacked jurisdiction to grant the State's motion[4] and that he was returned to the SCDC "without a judgment or a commitment order of any kind."  *Id.* at pp. 14–15.  Plaintiff challenges his "unlawful incarceration" based on being "held prisoner without a valid judgment or order of commitment," and he seeks monetary, declaratory, and injunctive relief.[5]  *Id.* at pp. 16, 21–24.   Plaintiff has also moved for a preliminary injunction regarding the fourth claim, seeking immediate release from SCDC custody.[6]  ECF No. 12 at p. 15; *see* ECF Nos. 48 & 63.

The Court will summarily dismiss Plaintiff's **fourth claim** as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion

---

[3]     Plaintiff has submitted state court records reflecting the procedural history of his criminal case.  *See* ECF No. 12-2.  His direct appeal is currently pending in the South Carolina Court of Appeals.  *See State v. Bolick*, No. 2020-001497 (S.C. Ct. App.), *docket available at* https://ctrack.sccourts.org/public/caseSearch.do.  *See generally United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (recognizing courts "routinely take judicial notice of information contained on state and federal government websites"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (stating "federal courts may take judicial notice of proceedings in other courts of record").

[4]     The circuit judge granted Plaintiff's motions for a mistrial and new trial on April 16, 2021.  ECF No. 1 at p. 13; ECF No. 12-2 at p. 16.  The State filed its motion for reconsideration on April 23, 2021.  ECF No. 1 at p. 14; ECF No. 12-2 at p. 17.  Although Plaintiff claims the State's motion was untimely and improper, South Carolina law indicates otherwise.  *See State v. Pfeiffer*, 828 S.E.2d 764, 766 (S.C. 2019) ("In a criminal case, once the term of court ends, the trial court lacks jurisdiction to consider additional matters unless a party files a timely post-trial motion. *State v. Campbell*, 656 S.E.2d 371, 373 (S.C. 2008).  Rule 29(a), SCRCrimP, provides that a post-trial motion 'shall be made within ten (10) days after the imposition of the sentence.'  Successive Rule 29(a) motions are generally not permitted.  However, *where a second Rule 29(a) motion is related to the disposition of the first Rule 29(a) motion, the trial court retains authority to hear and dispose of the subsequent motion, provided the subsequent motion is filed <u>within ten days of the disposition of the prior post-trial motion</u>*." (emphases added)).

[5]     Specifically, Plaintiff requests "compensatory damages . . . for each and every day [he] was held prisoner without a valid judgment or order of commitment," "a declaratory order declaring that [his] being held prisoner without a valid judgment order or order of commitment was unconstitutional in that it violated [his] Fourth Amendment rights," and "injunctive relief in the form of an order which directs the Director, Bryan Stirling, to produce a valid judgment or commitment order, one which has not been vacated, to this Court, or in the alternative, to immediately, without delay, release [him] from custody."  ECF No. 1 at pp. 22, 24.

[6]     Notably, "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead."  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks and citations omitted).

3

thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" (emphasis added)); *id.* § 1915A ("The court shall review, before docketing, if feasible *or, in any event, as soon as practicable after docketing*, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, *or any portion of the complaint*, if the complaint . . . fails to state a claim upon which relief may be granted[.]" (emphases added)); *see generally Michau v. Charleston Cnty.*, 434 F.3d 725, 727–28 (4th Cir. 2006) (discussing § 1915(e)(2)(B) and § 1915A).

*Heck* bars Plaintiff's fourth claim because success on it would necessarily imply the invalidity of his confinement on the burglary sentences. *See Wilkinson*, 544 U.S. at 81–82 (explaining that under *Heck* and related cases, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."); *Moskos v. Hardee*, 24 F.4th 289, 295 (4th Cir. 2022) ("'[T]he complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated[.]'" (quoting *Heck*, 512 U.S. at 487)). The Court will dismiss Plaintiff's fourth

claim without prejudice.[7] Consequently, his motions[8] seeking a preliminary injunction are moot, as are those portions of the Magistrate Judge's R & R and Plaintiff's objections dealing with the motions.[9]

Finally, the Court notes Plaintiff has filed a motion for sanctions regarding an affidavit that Defendants submitted with their response in opposition to his motion for a preliminary injunction. *See* ECF No. 59 (sanctions motion); ECF No. 53-1 (affidavit). The Magistrate Judge recommends denying Plaintiff's motion for sanctions, *see* R & R at p. 4 n.2, and Plaintiff objects to this recommendation, *see* ECF No. 71 at pp. 1–8. Regardless of whether Plaintiff complied with the twenty-one-day requirement of Fed. R. Civ. P. 11(c)(2), the Court finds the affidavit does not warrant Rule 11 sanctions. *See generally Lokhova v. Halper*, 30 F.4th 349, 354 (4th Cir. 2022) (discussing Rule 11 standard). The affidavit—from Andrew Carson, Branch Chief of the SCDC Inmate Records Office—merely summarizes the procedural history of Plaintiff's criminal case and his SCDC custody. The affidavit was not "presented for any improper purpose" and its "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). The Court will adopt the Magistrate Judge's recommendation to deny the motion for sanctions.

---

[7] Dismissal is without prejudice given *Heck*'s application. *See, e.g.*, *Bowman v. Mann*, 683 F. App'x 258, 259 (4th Cir. 2017) (indicating a dismissal based on *Heck* should be without prejudice). The Court notes amendment would be futile given the *Heck* bar.

[8] Plaintiff has filed a motion for a preliminary injunction "seeking immediate release from custody" of SCDC, ECF No. 12 at p. 4, as well as two related motions asking for immediate consideration of the preliminary injunction motion. ECF Nos. 48 & 63.

[9] In any event, Plaintiff is not entitled to a preliminary injunction regarding his fourth claim because he has not shown a likelihood of success on the merits, given the *Heck* bar. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (preliminary injunction standard); *Henderson ex rel. NLRB v. Bluefield Hosp. Co.*, 902 F.3d 432, 439 (4th Cir. 2018) (recognizing a district court need not "consider all four *Winter* factors if one is clearly absent").
    Plaintiff does address *Heck* in his objections, arguing that his "conviction and sentences have been invalidated and vacated by a lawful state tribunal" and that "Magistrate Judge West's legal theories under Heck v. Humphrey etc. simply do not apply." ECF No. 71 at pp. 12–13. Plaintiff seems to contend the state circuit judge's April 2021 grant of his motions for a mistrial and a new trial satisfy *Heck*'s favorable termination requirement. *See id.* at pp. 12–17. However, Plaintiff remains confined on the burglary sentences, and a contrary judgment would necessarily imply the invalidity of his confinement.

**Conclusion**

The Court summarily **DISMISSES** Plaintiff's fourth claim (illegal incarceration) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  The Court **FINDS AS MOOT** Plaintiff's Motion for Preliminary Injunction [ECF No. 12], Motion to Consider Plaintiff's Motion for Preliminary Injunction [ECF No. 48], and Motion to Expedite Decision on Plaintiff's Motion for Preliminary Injunction [ECF No. 63], as well as those portions of the Magistrate Judge's R & R [ECF No. 65] and Plaintiff's objections regarding said motions.  The Court **DENIES** Plaintiff's Motion for Sanctions [ECF No. 59] and **ADOPTS** that portion of the R & R [ECF No. 65] regarding said motion.  **This action shall proceed solely as to Plaintiff's three conditions-of-confinement claims.**[10]

**IT IS SO ORDERED.**

Florence, South Carolina  
May 23, 2022

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[10] The deadline for filing motions to amend pleadings is May 27, 2022.  ECF No. 68.