IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore J. Bolick, | C/A No.: 5:21-3800-RBH-KDW |
| Plaintiff, | |
| vs. | ORDER |
| Bryan Stirling, Terrie Wallace, Lieutenant Sumter, Lieutenant Robb, Gregory Forness, and Kirkland Medical Staff, | |
| Defendants. | |

Theodore J. Bolick ("Plaintiff"), proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Recusal, ECF No. 75, filed on May 16, 2022. Plaintiff's Motion is made pursuant to 28 U.S.C. § 144.

I.  Background

On November 19, 2021, Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983 against Defendants for allegedly violating his Fourth, Fifth, Eighth and Fourteenth Amendment rights under the Constitution. ECF No. 1, at 6. Plaintiff filed a Motion for Preliminary Injunction on November 29, 2021. ECF No. 12. On April 7, 2022, the undersigned issue a Report and Recommendation (an "R&R"), recommending the Motion for Preliminary Injunction be denied. ECF No. 65.[1] Plaintiff filed his Motion for Recusal on May 16, 2022. ECF No. 75.

---

[1] On May 23, 2022, the district judge entered an Order ruling on the R&R, dismissing Plaintiff's claims as to illegal incarceration and finding as moot Plaintiff's Motion for Preliminary Injunction. In the Order, the district judge found that Plaintiff's fourth claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 79. Thus, the district judge determined that his Motion for Preliminary Injunction, those portions of the R&R, and Plaintiff's objections dealing with that motion were moot.

II.     Discussion

Plaintiff provides a rather lengthy argument in his Motion to Recuse, arguing that the undersigned should immediately remove herself from the above-captioned case, another case filed by Plaintiff (*Bolick v. Thompson, et. al.*, 5:20-cv-02888-RBH-KDW), and to refrain "forevermore from presiding as a judicial official in any case in which plaintiff may be a party." ECF No. 75 at 1. Plaintiff argues that the undersigned has a history of being biased against pro se plaintiffs and petitioners, and she tends to advocate for a defendant if that defendant is a government official. ECF No. 75 at 1. Plaintiff does not identify what history he is referring to as to this claim. Plaintiff further alleges that the undersigned employs a "sleight of word trick," wherein he claims she alters, or changes, claims or statements in such a way that it alters what the plaintiff is advocating in the pleading. *Id*. at 2. Plaintiff alleges the undersigned then will advocate as defense counsel and cite reasons why defendants should be dismissed. *Id*. Plaintiff alleges the undersigned routinely uses this trick. *Id*.

As to the specifics of this case, Plaintiff alleges he established sufficient grounds for the grant of his request for preliminary injunction. *Id*. at 9. However, he alleges the undersigned put on her "biased blinders" and advocated for Defendants in the following ways: (1) she attempted to pollute the record by falsely stating Plaintiff only focused on two of the *Blackwelder* factors in his request for an injunction; and (2) she employed her sleight of word trick by stating Plaintiff had alleged his convictions and sentences should be overturned, which he alleges he did not state. *Id*. at 13-15. Finally, Plaintiff argues that in another currently pending case, *Bolick v. Thompson, et. al.*, 5:20-cv-02888-RBH-KDW, the undersigned wrongly determined that a defendant should be dismissed. *Id*. at 17. Plaintiff argues this shows the undersigned's "unethical conduct and pettifogger trick." *Id*. Finally, Plaintiff alleges the undersigned's co-conspirator in these misdeeds

is Defendants' counsel. *Id*. at 21.

In response, Defendants argue that pursuant to Plaintiff's Motion in which he seeks recusal under 28 U.S.C. § 144, the statute requires a sworn document that is both "timely and sufficient." ECF No. 76. Defendants argues that Plaintiff did not seek the undersigned's recusal until nearly five months after she was assigned to the case and subsequent to her ruling on several other non-dispositive motions. Further, Defendants argue that Plaintiff has failed to show that the undersigned has engaged in any impropriety, and instead, Plaintiff's Motion reveals that he takes issue with the written conclusions because he disagrees with her findings.

28 U.S.C. § 144 provides, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[2] The affidavit must state the facts and reasons the party believes the judge has a personal bias or prejudice and must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. Generally, motions to recuse must be filed "at the first opportunity after discovery of the facts tending to prove disqualification." *Sine v. Local No. 992 Intern. Broth. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Plaintiff filed this action on November 19, 2021. Since that time, the undersigned has ruled on several of Plaintiff's motions. This current Motion for Recusal was filed six months after the filing of the Complaint and approximately one month after the

---

[2] As pointed out by Defendants, under 28 U.S.C. § 455, the statute discussing disqualification of a justice, judge, or magistrate judge, a judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias ... concerning a party...." *Id.* § 455(b)(1). Plaintiff did not seek recusal under this statute.

3

undersigned issued an R&R recommending that Plaintiff's Motion for Preliminary Injunction be denied. The Fourth Circuit has previously stated that a party must raise the issue of disqualification at the earliest knowledge of disqualification; filing a recusal motion after learning a judge's sentence is too late. *U.S. v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990). Courts typically reject recusal motions that are based on criticism of a judge or the judicial system. *Id.*

Plaintiff takes issue with what he alleges is bias based on her ruling in this R&R (as well as a judicial ruling in another pending case he filed). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 50 (1994); *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008). While these cases were considering a motion made under 28 U.S.C. § 455, the undersigned still finds them instructive.

Further, to be legally sufficient under 28 U.S.C. § 144, the affidavit must allege personal bias or prejudice caused by "an extrajudicial source other than that the judge has learned or experienced from his participation in the case." *Sine*, 882 F.2d at 914. The nature of the bias must be personal, rather than judicial. *Id*. Here, Plaintiff seeks recusal and alleges bias based solely on the fact that he alleges the undersigned has used "sleight of word tricks" in her judicial ruling. His arguments concerning bias are centered solely on the basis of the outcome of an adverse ruling. He similarly argues that in another currently pending case, the undersigned used "sleight of work tricks" in another judicial ruling. Put simply, Plaintiff alleges bias based on the undersigned's ruling in this case, rather than a personal bias. While he makes a passing reference to historical rulings, he is again focused on her judicial participation and does not provide any facts or contexts to back this assertion. Not to mention, this historical ruling argument cuts against a finding that any such motion was timely filed.

The Fourth Circuit has ruled that "a presiding judge is not required to recuse [him or

herself] because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The undersigned has reviewed Plaintiff's allegations supporting his Motion for Recusal and finds them to be meritless. Accordingly, Plaintiff's Motion for Recusal, ECF No. 75, **is denied**.

IT IS SO ORDERED.

June 30, 2022  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge