IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore J. Bolick, ) | C/A No.: 5:21-3800-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Bryan Stirling, Terrie Wallace, Lieutenant ) | |
| Sumter, Lieutenant Robb, Gregory Forness, ) | |
| and Kirkland Medical Staff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Theodore J. Bolick ("Plaintiff"), proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on several motions, including Plaintiff's Motion to Compel, ECF No. 90, and Defendants' Motion to Strike Amended Complaint, ECF No. 98, and Defendants' Motion for Extension of Time to File Motion for Summary Judgment, ECF No. 100.

I.  Background

On November 19, 2021, Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983 against Defendants for allegedly violating his Fourth, Fifth, Eighth and Fourteenth Amendment rights under the Constitution. ECF No. 1, at 6. Plaintiff alleges that while incarcerated from September 17, 2020 until February 13, 2021, he was denied any out-of-cell exercise or recreation, resulting in physical, mental, and emotional injuries. ECF No. 1, at 8. He further alleges that during this same period of time, he was denied medical treatment. *Id.* at 9. Plaintiff also alleges that he is being wrongfully held against his will because his sentence was vacated. *Id.* at 12-16. Plaintiff further alleges he is being forced to sleep in an overcrowded cell. *Id.* at 18-19. Defendants filed an

Answer on March 15, 2022, denying liability for the allegations complained of by Plaintiff. ECF No. 50.

In his Complaint, Plaintiff seeks the following injunctive relief: (1) an order prohibiting the South Carolina Department of Corrections ("SCDC") officials from receiving prisoners without a valid judgment or commitment order; (2) an order mandating that SCDC officials give every prisoner one hour of exercise unless extraordinary or compelling events dictate otherwise; (3) an order mandating that SCDC officials give every prisoner outside recreation three times a week unless weather, extraordinary, or compelling events dictate otherwise; (4) an order directing Defendants to pay for his medical treatment; (5) an order directing Defendant Bryan Stirling to produce a valid judgment or commitment order, or release Plaintiff from custody; (6) an order mandating SCDC officials be forced to post orders mandating daily out-of-cell exercise or recreation; and (7) an order mandating SCDC officials create new sick call and request-to-staff member forms requiring officials to sign the form and immediately furnish prisoners a copy. ECF No. 1 at 23-24.

On May 23, 2022, Plaintiff filed a Motion to Amend/Correct Complaint. ECF No. 81. In his Motion, Plaintiff requested an extension of time to complete discovery and to amend his Complaint; however, the focus of his Motion was on Defendants' alleged failure to comply with discovery requests. ECF No. 81. Because Plaintiff filed his Motion within the time for filing motions to amend pleadings, as provided for in the scheduling order, the undersigned allowed Plaintiff 14 days to file his proposed Amended Complaint. ECF No. 84. On June 16, 2022, Plaintiff filed his "First Amended Complaint and Joinder of Parties." ECF No. 96. Within this document, Plaintiff seeks to join three additional Defendants: Oldwakemi Babatunde, Cathy Grimes, and Joyalyn Eskew, all alleged to be nurses, who have not yet been served. ECF No. 96. Additionally,

he seeks to add additional claims, all related to these three nurses, alleging that they knew of conditions of confinement that pose serious health hazards to Plaintiff and other prisoners; that during the time span applicable to Plaintiff's Complaint "thousands" of prisoners, including Plaintiff, were kept locked in small overcrowded cells for the entire day with no exercise; that these nurses knew this was cruel and unusual punishment; that many prisoners mutilated themselves as a result of the cruel and unusual punishment; and that these nurses were in collusion with one another and with a doctor and the warden to conceal any evidence of injuries stemming from the alleged cruel conditions. ECF No. 96. Plaintiff further alleges that Nurse Babatunde knew of injuries to Plaintiff resulting from being "locked in a small cell," but ignored most of his injuries, and that Nurse Eskew threatened to fabricate disciplinary charges if Plaintiff continued to come to them with sick call requests. *Id.* at 6-7. On June 24, 2022, Defendants filed their Motion to Strike the Amended Complaint. ECF No. 98.

II. Discussion

A. Plaintiff's Motion to Compel

On June 6, 2022, Plaintiff filed a Motion to Compel, alleging that Defendants provided Plaintiff with 600 pages of documents in response to his request for production of documents. ECF No. 90. However, Plaintiff takes issue with the fact that Defendants utilized printing on the front and back of pages, thereby hindering his ability to submit these documents to the court. He further argues that in response to the first set of interrogatories, Defendants provided front and back responses, thereby rendering the document useless, according to Plaintiff.

Plaintiff also argues that Defendant Wallace's response to an interrogatory was insufficient in that it raised an objection that Plaintiff finds "unacceptable, false and pretextual." The interrogatory in question asked for "how many prisoners/inmates at Kirkland Reception and

3

Evaluation have been placed in the safe cells of the F-3 Dormitory for attempting to commit suicide or self-mutilation while the Plaintiff was a prisoner at Kirkland Correctional Institution. ECF No. 90 at 2-3. According to Plaintiff, Defendants raised several objections, including that the interrogatory was overly broad and burdensome, it seeks information that is prohibited by HIPAA, and irrelevant or not likely to lead to the discovery of admissible evidence. ECF No. 90 at 3.

In response, Defendants raise several objections to this Motion. First, Defendants argue that the Motion is untimely. ECF No. 97 at 1. Under Local Rule Civ. Rule 37.01(A)(D.S.C.), "motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed." Here, Plaintiff received the responses on May 2, 2022. Plaintiff's deadline to file a Motion to Compel would therefore have run through May 23, 2022. Plaintiff did not file the instant Motion until June 6, 2022, which is 2 weeks past the deadline under the Local Rule. Further, as Defendants point out, Plaintiff sent several other filings to the court in between the time of receipt of the discovery and the time afforded under the Local Rule for filing a Motion to Compel. *See* ECF No. 75-3; ECF No. 78-1; ECF No. 81-1; ECF No. 87-1. Therefore, the undersigned agrees that the Motion is untimely.

However, in reviewing the substance of the Motion, the undersigned finds that the Motion to Compel should be denied for the following additional reasons. First, the undersigned has previously considered Plaintiff's arguments concerning two-sided responses. At that time, the undersigned clearly explained as follows: "should the need arise for Plaintiff to submit documents to the court that were only provided to him on two-sided paper, the court will advise Defendants to file Plaintiff's discovery requests and Defendants' corresponding responses for the court's review." ECF No. 84. The undersigned's position as to two-sided responses remains unchanged.

Second, as to the specific interrogatory response at issue, Plaintiff has failed to articulate a reasoned basis for the need for this information. Federal Rule of Civil Procedure 26(b)(1) provides that, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim." Here, Plaintiff brings an action pursuant to § 1983 alleging he suffered injury, including suicidal thoughts, related to his *own* housing situation.[1] Specifically, in his Complaint he argues, "I was denied any out of cell exercise or recreation." ECF No. 1. As to his alleged injuries, he claims, "I also suffered delusional thoughts of mass murder and suicide." ECF No. 1 at 9. Plaintiff argues, "the policy, custom, and or practice of keeping me locked in my cell 24 hours a day without any exercise or recreation for 146 days was established and promulgated by Warden Terrie Wallace." ECF No. 1 at 9. Plaintiff's allegations thus appear to center around his own injuries and his own allegations that he was locked in his cell for the entire day. While he does allege at the end of his Complaint a more general policy or custom or keeping "prisoners locked in their cells 24 hours a day" his allegations are not generalized to the mental health conditions of other prisoners. Plaintiff argues for the first time in his Motion to Compel that the interrogatory is highly relevant because "a multitude of other prisoners were suffering the exact same mental injuries . . . for the exact same reason." ECF No. 90. His interrogatory seeks information for an unspecified amount of time (though it does state while he was a prisoner), about all prisoners who may have attempted to commit suicide or self-mutilated, despite the fact that the reasons a prisoner may suffer mental health issues has nothing to do with the allegations contained in Plaintiff's Complaint.

---

[1] At the time of the filing of the Motion to Compel, Plaintiff had yet to file his Amended Complaint.

Moreover, the undersigned has considered Defendants' argument that in order to obtain the reason why a particular inmate is moved from one cell to another, Defendants would have to seek information from multiple sources, including an inmate's medical record. ECF No. 97 at 3. The undersigned does not find that the probative value outweighs the burden of seeking to obtain this information; particularly when considering the fact that Plaintiff's Motion was untimely under the Local Rules. Indeed, a letter attached to Defendants' Response reveals that Plaintiff took issue with Defendants' responses being two-sided but otherwise raised no issue as to the response to this interrogatory. Accordingly, for the reasons explained in this order, the undersigned denies Plaintiff's Motion to Compel, ECF No. 90, at this time.

B. Defendants' Motions

Defendants argue that Plaintiff's First Amended Complaint and Joinder of Parties should be stricken for several reasons. First, they argue that Plaintiff failed to comply with the court's June 10, 2022 order providing Plaintiff until June 14, 2022 to file a proposed Amended Complaint. In the text order, the undersigned found that Plaintiff filed a Motion to Amend/Correct Complaint within the time frame for filing motions to amend pleading provided for in the scheduling order. ECF No. 84. Further, the undersigned stated that "any proposed Amended Complaint is now due June 14, 2022." ECF No. 84. Plaintiff mailed a document he styled as an Amended Complaint on June 13, 2022 to federal court. ECF No. 96. Accordingly, the undersigned finds Plaintiff's complied with the text order.

Second, Defendants argue Plaintiff failed to amend his pleading as a matter of course, nor sought consent of Defendants or leave to amend, which Defendants argue is the Rule under 12(a)(1)B). Nor, Defendants argue, did Plaintiff provide any rationale for amending his Complaint. Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Rule 15(a)(1)

6

provides that a party may amend its pleadings once as a matter of course within twenty-one days after serving the pleading on any defendants, or if a responsive pleading is required, twenty-one days after service of the responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). Rule 15 further states that in all other cases, a party may amend it pleadings only with: (1) the opposing party's written consent, or (2) the court's leave. Fed. R. Civ. P. 15(a)(2). However, in this case, the scheduling order set a deadline for amending pleadings, which the undersigned extended through May 27, 2022. ECF Nos. 51; 68. Plaintiff then filed a Motion to Amend/Correct within that time frame but failed to attach his proposed pleading. Filings of pro se litigants should be liberally construed. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating, "[a] document filed pro se is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Therefore, the undersigned provided Plaintiff additional time to file the Amended Complaint. The undersigned therefore does not agree that Plaintiff's Amended Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 15.

Third, Defendants argue Plaintiff has simply made a passing reference to the original Complaint and instead replaced Defendants in the caption with newly named Defendants, thereby preventing the current Defendants from responding. In Plaintiff's Amended Complaint, he states, "Plaintiff hereby moves to incorporate by reference all statements, allegations, named parties, and requests for relief contained in the original complaint with this amendment." ECF No. 96. Plaintiff thereafter seeks to join three nurses, each with the same address: 4344 Broad River Road, Columbia, South Carolina, 29210. ECF No. 96 at 2. This is the address for Kirkland Correctional Institution. In his original Complaint, Plaintiff named "Kirkland Medical Staff to be named" as Defendants. ECF No. 1 at 5. While it is true that Plaintiff devoted a great deal of his original

7

Complaint to the facts surrounding his alleged unlawful incarceration, he also alleged he was "denied out of cell exercise or recreation" and suffered physical, mental and emotional injuries as a result. *Id.* at 8. He also alleges that the "medical staff at Kirkland began to ignore my sick call request forms and my request to staff members forms for medical treatment." *Id.* at 9. Plaintiff also generally alleges that he continued to seek medical attention for his injuries, but he was told to keep his mouth shut. *Id.* at 10. The Amended Complaint expressly states that the additional information in there is "in addition to the allegations made in Plaintiff's original Complaint." ECF No. 96 at 3. The additional allegations are related to his initial allegations related to the conditions of confinement in his original Complaint. Indeed, in a previous order, the district court expressly stated that the action would proceed solely as to Plaintiff's three conditions of confinement claims. ECF No. 79. Accordingly, the undersigned does not agree that there is any question as to the viability of these claims and/or that it is unclear what claims Defendants should address moving forward. For the reasons explained in this order, Defendant's request to strike Plaintiff's Amended Complaint is denied.

On June 27, 2022, Defendants filed a Motion for Extension of Time seeking additional time to file dispositive motions. ECF No. 100. Within the Motion, Defendants state that since the issuance of the scheduling order providing June 27, 2022 as the dispositive motions deadline, Plaintiff has obtained extensions to filing an amended pleading and recently filed an Amended Complaint, as discussed above. Further, there are other pending motions that Defendants state hinder their ability to effectively prepare a dispositive motion. Thus, Defendants seek an additional 21 days after the date the undersigned issues a ruling on the recently-filed Motion to Strike, ECF No. 98, to file dispositive motions. For good cause shown the undersigned grants Defendants' Motion for an extension of time to file dispositive motions. In this Order, the undersigned rules on

the Motion to Strike, denying said request. Accordingly, the parties have 21 days from the date of this Order to file any dispositive motions.

III.    Conclusion

For the reasons explained herein:

1. Plaintiff's Motion to Compel, ECF No. 90 is **DENIED**.

2. Defendants' Motion to Strike Amended Complaint, ECF No. 98, is **DENIED.** It is further ordered that Plaintiff's original Complaint, ECF No. 1, be attached as an exhibit to Plaintiff's Amended Complaint, ECF No. 96, which is the operative pleading in this case.

3. Defendants' Motion for Extension of Time to file dispositive motions, ECF No. 100, is **GRANTED**. The parties have 21 days from the date of this order to file any dispositive motions. Dispositive motions are now due July 21, 2022.

IT IS SO ORDERED.

June 30, 2022  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge